IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARCY BELL                                                           PLAINTIFF

            v.                           Civil No. 13-2128

CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                        DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Marcy Bell, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a

decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for

disability insurance benefits ("DIB") and supplemental security income under Titles II and XVI of the

Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial

review, the court must determine whether there is substantial evidence in the administrative record to

support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

I.        **Procedural Background**

Plaintiff applied for DIB and SSI on January 7, 2011. (Tr. 15.) Plaintiff alleged an onset date of

October 6, 2010 due to neck curvature issues, slipped spinal disc, right knee issues, carpal tunnel in both

hands and wrists, depression, stress, inability to sit or stand for very long, and  the need to take multiple

medications to "keep going every day." (Tr. 135.) Plaintiff's applications were denied initially and on

reconsideration. Plaintiff requested an administrative hearing, which was held on October 19, 2011 in front

of Administrative Lw Judge ("ALJ") Bill Jones.  Plaintiff was present to testify and was represented by

counsel.  The ALJ also heard testimony from Vocational Expert ("VE") Montie Lumpkin.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule
25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner
Michael J. Astrue as the defendant in this suit.

At the time of the administrative hearing, Plaintiff was 41 years old, and possessed a high school education. (Tr. 136.) The Plaintiff had past relevant work experience ("PRW") of cashier and convenience store clerk.(Tr. 24.)

On May 22, 2012, the ALJ concluded that Plaintiff suffered from the following severe impairments: "degenerative disk disease of the cervical and lumbar spine, generalized anxiety disorder and depression secondary to medical condition." (Tr. 17.) The ALJ found that Plaintiff maintained the residual functional capacity to perform light work "except that she can occasionally balance, stoop, kneel, crouch, crawl and climb ladders, ropes, scaffolds, ramps and stairs. In addition she can do work limited to simple, routine and repetitive tasks involving only simple work-related decisions, with few, if any, workplace changes and no more than incidental contact with coworkers, supervisors, and the general public." (Tr. 20.) With the assistance of the VE, the ALJ determined that the Plaintiff could perform such representative occupations as machine tender, production and assembly worker. Representative jobs for these occupations included compression molding machine tender, riveting machine operator, bindery machine feeder and offbearer, power screwdriver operator, bottling line attendant, and conveyor line bakery worker. The VE also testified that the Plaintiff could also perform the work of a motel maid. (Tr. 25.)

Plaintiff requested a review by the Appeals Council on May 29, 2012. (Tr. 8.) The Appeals Council declined review on April 30, 2013. (Tr. 1.)

## II.    Applicable Law

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id*. As long as there is substantial evidence in the record to support the Commissioner's

2

AO72A
(Rev. 8/82)

decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

## III.    Discussion

Plaintiff raises two issues on appeal: 1) the ALJ did not perform a proper *Polaski* credibility analysis; and 2) he did not properly weigh the physician opinions in the record. (Def.'s Br. 1; Pl's Br. 9-13.) Because this Court agrees that the credibility analysis was improper, issue two will not be addressed.

An ALJ "may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them." *Polaski v. Heckler*, 739 F. 2d 1320, 1322 (8th Cir. 1984.) While the absence of objective medical evidence is one factor in the credibility analysis, other factors include 1) the claimant's daily activities; 2) the duration, frequency and intensity of pain; 3) precipitating and aggravating factors; 4) dosage, effectiveness and side effects of medication; and 5) functional restrictions. *Id.* In analyzing these factors, the ALJ must expressly "detail the reasons for discrediting the testimony and set forth the inconsistencies found." *Lewis v. Barnhart*, 353 F.3d 642, 647 (8th Cir. 2003)F.2d 1320, 1322 (8th Cir. 1984).

In this case, the Plaintiff has alleged both mental and physical issues. In discrediting Plaintiff's subjective allegations about the severity of her mental issues , the ALJ expressly noted the findings of three psychiatric consultants. He noted that Dr. Williams, state psychological consultant, stated that she "retained the potential for basic work if so motivated." (Tr. 22, 253.) He noted that Dr. Terry Efird, PhD, consultative examiner, found that "the claimant's ability to perform activities of daily living are impaired to some extent by motivation." (Tr. 22, 235.) Finally, he noted that Dr. Patricia Walz, PhD., consultative examiner, stated that Plaintiff's results on the CARB (Computerized Assessment of Response Bias) test "demonstrated an 'extreme exaggeration' profile, and her scores were worse than those seen in severely brain damaged persons." (Tr. 22, 389-90.) He also noted that she was hospitalized for a suicide attempt in February 2012 after she ran out of her pain medications, that her mood improved during hospitalization, and that her prognosis on discharge was "good with treatment compliance." (Tr. 23, 398.) These characterizations from the record accurately represent the statements of these psychiatric consultants. Thus,

4

the ALJ expressly detailed several reasons for discrediting her testimony concerning the severity of her mental issues.

Unfortunately, the same cannot be said of the ALJ's analysis of Plaintiff's alleged physical issues. The ALJ's sole reason for discrediting Plaintiff's subjective allegations of physical issues is that they were not fully supported by the objective medical evidence. While this was presented with varying language, the point was the same each time. Specifically, in discrediting the effect of Plaintiff's degenerative disk disease, the ALJ stated "[t]he medical evidence. . . does not support any greater limitations." He also noted that the  MRI indicated that "the physical impairments are not as limiting as alleged." (Tr. 21.) In discussing her motor vehicle accident and later treatment, he stated that the "records from medical personnel that examined the claimant do not provide support for any additional limitations in the residual functional capacity." (Tr. 21.) Thus, the ALJ stated the same point several times in several different ways. This does not equate to expressly providing several good reasons for discrediting Plaintiff's subjective allegations. Therefore a remand is necessary.

On remand, the ALJ is directed to expressly evaluate each of the *Polaski* credibility factors as to Plainitff's physical issues.  Once this is completed, any changes that might result in her Overall RFC must be addressed to the VE, either in person or by interrogatory.

**IV.     Conclusion**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 30th day of June 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

5

6